■ SAMUEL KENDLE, III, et al., Respondents, v AUGUST BOHL CONTRACTING COMPANY, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [662 NYS2d 606] —Peters, J. Appeal

from that part of an order of the Supreme Court (Williams, J.), entered February 26, 1997 in Saratoga County, which, *inter alia*, denied a cross motion by defendant August Bohl Contracting Company, Inc. to dismiss plaintiffs' Labor Law § 200 and negligence causes of action.

Third-party defendant, Clifford Quay & Sons, Inc. (hereinafter Quay & Sons), was a subcontractor hired to complete the masonry and concrete work for the construction of a movie theater in the Town of Wilton, Saratoga County. Plaintiff Samuel Kendle, III (hereinafter plaintiff), an employee of Quay & Sons, and his wife, derivatively, commenced this action to recover damages for injuries he sustained when the motorized wheelbarrow he was operating overturned.

At the time of the accident, plaintiff was transporting concrete to the pour site by using a motorized wheelbarrow. In order to access the pour site and to prevent the wheelbarrow from sinking into the sand, plywood was placed on the ground and over a trench, approximately nine feet long, one foot wide and seven inches deep, which trench was allegedly dug by defendant August Bohl Contracting Company, Inc. (hereinafter Bohl), a subcontractor hired by Quay & Sons to do excavation work at the construction site. According to plaintiff, during his fourth concrete run, he traversed the trench and the plywood buckled, causing the wheelbarrow to overturn onto his leg.

Plaintiffs commenced this action against defendants Sarwil Associates and Wilsar Property, Inc., as property owners, defendant Wilmorite, Inc., as the construction manager, and Bohl, as a subcontractor. Bohl commenced a third-party action against Quay & Sons seeking contribution and/or indemnification. Thereafter, Supreme Court, without articulating the reasons therefor, granted motions by Sarwil, Wilsar and Wilmorite for, *inter alia*, summary judgment. It also partially granted the cross motion for summary judgment by Bohl to the extent of dismissing the Labor Law §§ 240 and 241 causes of action. Hence, Supreme Court denied dismissal of the Labor Law § 200 and negligence causes of action. Bohl appeals.

Before imposing liability upon an owner or contractor for failure to provide workers with a reasonably safe worksite pursuant to Labor Law § 200, it must first be demonstrated that " 'the party charged with that responsibility [has] the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877, quoting *Russin v Picciano & Son*, 54 NY2d 311, 317). No liability will attach under the common law or Labor Law § 200 where the alleged defect or dangerous condition arises from the contrac-

tor's methods and there is no showing of supervisory control over the operation by the party charged (see, *Comes v New York State Elec. & Gas Corp.*, supra; *Lombardi v Stout*, 80 NY2d 290, 295).

In this case, the project managers for Quay & Sons testified at their respective examinations before trial that Bohl exercised no supervisory control over their employees or over the manner or method in which the concrete was transported or poured. Testimony also revealed that Bohl did not supervise the positioning of the plywood. In fact, it is uncontroverted that employees of Quay & Sons positioned the plywood over the trench. In the absence of supervisory control over plaintiff's work, which is a necessary element of plaintiffs' cause of action, we conclude that Supreme Court erred in failing to dismiss plaintiffs' Labor Law § 200 cause of action (see, *Lombardi v Stout*, supra, at 295; *Bombard v Central Hudson Gas & Elec. Co.*, 229 AD2d 837, lv denied in part, lv dismissed in part 89 NY2d 854; *Macutek v Lansing*, 226 AD2d 964, 966).

We further conclude that plaintiffs' negligence cause of action against Bohl should also have been dismissed. The record discloses that the trench was readily observable and apparent to plaintiff prior to the accident and that he was fully aware of its existence. As such, no duty to provide a safe worksite attached, especially in light of plaintiff's age, intelligence and many years of experience pouring concrete and operating a motorized wheelbarrow at a construction site (see, *Dorr v General Elec. Co.*, 235 AD2d 883, 885; *Bombard v Central Hudson Gas & Elec. Co.*, supra).

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant August Bohl Contracting Company, Inc., by reversing so much thereof as denied the cross motion of said defendant regarding the causes of action sounding in common-law negligence and Labor Law § 200; cross motion granted to that extent, summary judgment awarded to defendant August Bohl Contracting Company, Inc. and said causes of action are dismissed against it; and, as modified, affirmed.