■ WILLIAM O. BARRETT, JR., Respondent, v ELLENVILLE NATIONAL BANK, Defendant and Third-Party Plaintiff-Appellant-Respondent. BEACON ROOFING & RESTORATION CORP., Third-Party Defendant-Respondent-Appellant. [680 NYS2d 634] —In an action to recover damages for personal injuries, the defendant third-party plaintiff Ellenville National Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated November 13, 1997, as granted the plaintiff's motion for partial summary judgment on the issue of liability on his cause of action asserted under Labor Law § 240 (1), and denied its cross motion for partial summary judgment dismissing that cause of action, and the third-party defendant Beacon Roofing & Restoration Corp., appeals, as limited by its brief, from so much of the same order as granted the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and denied its cross motion for partial summary judgment dismissing that cause of action and the third-party complaint.

Ordered that the order is modified by (1) deleting the provision thereof granting the motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and substituting therefor a provision denying the motion, and (2) deleting the provisions thereof denying the defendant third-party plaintiff's cross motion and that branch of the third-party defendant's cross motion which was for partial summary judgment dismissing the plaintiff's cause of action to recover damages under Labor Law § 240 (1) and substituting therefor provisions granting the cross motion and that branch of the third-party defendant's cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants.

The plaintiff was standing on a landing at the top of the interior stairway of a building owned by the defendant third-party plaintiff Ellenville National Bank, handing a bucket of tools up through a hatchway in the roof of the building, when the railing on which he was leaning gave way, causing him to fall to the floor and down the stairs. Contrary to the conclusion of the Supreme Court, the plaintiff's injuries did not result from an elevation-related hazard within the meaning of Labor Law § 240 (1).

The Court of Appeals has construed Labor Law § 240 (1) as applying to "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *see also, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). "[I]njuries resulting from other types of hazards are not compensable under that statute even if proximately caused by the absence of an adequate scaffold or other required safety device" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500; *Maggi v Innovax Methods Group Co.,* 250 AD2d 576).

Here, the plaintiff's injuries did not result either from working at an elevated work site or an improperly-secured object, and therefore the cause of action asserted under Labor Law § 240 (1) must be dismissed (*see, Melber v 6333 Main St.,* 91 NY2d 759; *Misseritti v Mark IV Constr. Co.,* 86 NY2d 487).

The parties' remaining contentions are either without merit or academic in light of our determination. Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.