■ Dominick D'Egidio et al., Appellants, v Frontier Insurance Company et al., Respondents. (And a Third- and Fourth-Party Action.) [704 NYS2d 750] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 24, 1998 in Ulster County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Dominick D'Egidio (hereinafter plaintiff) was injured when his leg went into a hole in a floor while working on wiring in the ceiling of a building being constructed by defendant Woolard Construction Company, the general contractor, for defendant Frontier Insurance Company (hereinafter

collectively referred to as defendants). Plaintiff was employed by third-party defendant International Telephone Contracting, Inc. to wire a portion of a telecommunications system in a computer room. In order to accommodate various mechanical systems, the permanent floor of the computer room was raised 15 to 24 inches above the subfloor. The floor was constructed of tiles—approximately 5 inches by 12 inches in size—which could be removed and reconfigured to allow access to the piping and wiring installed in the subfloor. Prior to the day of plaintiff's injury, the floor had been completely covered by temporary plywood or masonite. However, on the day of the accident, plaintiff observed that the temporary floor covering had been removed and that several tile sections were missing, leaving a number of uncovered 5 by 12-inch holes. While engaged in snaking wiring through an overhead conduit in the ceiling, plaintiff misstepped into one of the holes causing injury to his knee, ankle and back. Plaintiff and his wife, derivatively, commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following discovery, defendants' motion for summary judgment dismissing the complaint was granted, prompting this appeal. We affirm.

Initially, we conclude that Supreme Court properly dismissed plaintiffs' claims pursuant to Labor Law §§ 200 and 241 (6). Assuming, without deciding, that defendants exercised supervisory control over the work site and had notice of the hazard (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Armer v General Elec. Co., 241 AD2d 581, 583, lv denied 90 NY2d 812), plaintiff concedes that he was aware of the holes in the floor prior to the accident. As such, no liability may attach to defendants under Labor Law § 200 (see, Gavigan v Bunkoff Gen. Contrs., 247 AD2d 750, 751, lv denied 92 NY2d 804; Kendle v August Bohl Contr. Co., 242 AD2d 848, 850; compare, Dorr v General Elec. Co., 235 AD2d 883, 885).

Likewise, in order to prevail on a claim under Labor Law § 241 (6), it was incumbent upon plaintiffs to demonstrate that defendants violated a regulation containing "concrete specifications" applicable to the facts herein (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see, Francis v Aluminum Co., 240 AD2d 985, 987). Plaintiff offered the affidavit of an engineer who averred that defendants, by failing to provide a shaftway covering or other protective device, violated 12 NYCRR 23-1.7 (b) (1) (i). That regulation provides that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this

Part (rule)." While the regulation, on its face, appears to be applicable here, a reading of the regulation in its entirety reveals that a "hazardous opening" must be one of significant depth and size, i.e., more than 5 by 12 inches wide and 15 to 24 inches deep, as existed here (*see*, 12 NYCRR 23-1.7 [b] [1] [iii]). Accordingly, this claim was also properly dismissed (*see*, *Francis v Aluminum Co.*, *supra*, at 987; *DeLong v State St. Assocs.*, 211 AD2d 891, 893).

Addressing plaintiffs' Labor Law § 240 (1) claim, we agree with Supreme Court's conclusion that, as a matter of law, the accident at issue was not the result of an elevation-related hazard contemplated by that statute. It is well settled that "[t]he extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914, 915-916, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501 [emphasis in original]; *see*, *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490).

Initially, we note that this is not an instance where the surface on which plaintiff was working when he was injured was temporary in nature or was the "functional equivalent of a scaffold" (*Craft v Clark Trading Corp.*, 257 AD2d 886, 888; *see*, *Tomlins v Siltone Bldg. Co.*, 267 AD2d 947). The record reveals that the floor on which plaintiff was standing to perform the ceiling work was the permanent floor and, as such, it did not function as a scaffold above the subfloor (*see*, *Avelino v 26 Railroad Ave.*, 252 AD2d 912; *compare*, *Keefe v E & D Specialty Stands*, 259 AD2d 994, *lv dismissed* 93 NY2d 999).

Moreover, we cannot conclude that the floor on which plaintiff was required to stand constituted an elevated work site requiring the use of the protective devices enumerated in Labor Law § 240 (1). The fact that levels or floors may exist below the work surface does not, by itself, compel the conclusion that the work surface is an elevated one under this statute (*see*, *e.g.*, *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Barrett v Ellenville Natl. Bank*, 255 AD2d 473; *Avelino v 26 Railroad Ave.*, *supra*). Rather, a work site is "elevated" within the meaning of the statute where the required work itself must be performed at an elevation, i.e., at the upper elevation differential, such that one of the devices enumerated in the statute will safely allow the worker to perform the task (*see*, *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501, *supra*; *Amo v Little Rapids Corp.*, 268 AD2d 712, 714-

715). Here, plaintiff's work site was the nonelevated permanent floor and there is no evidence in the record indicating that plaintiff's work in proximity to the floor openings warranted the use of the type of safety devices contemplated by Labor Law § 240 (1) (*compare, Limauro v City of N. Y. Dept. of Envtl. Protection*, 202 AD2d 170).

Inasmuch as plaintiff's work site was not elevated within the meaning of the statute, we conclude that plaintiff's misstep into the hole in the floor was analogous to the facts in *Rocovich v Consolidated Edison Co. (supra*, at 514-515). In that case, while removing and repairing insulation in a recessed area of a roof, the plaintiff's foot slipped into a 12-inch deep trough adjacent to where he was working. In dismissing the plaintiff's Labor Law § 240 (1) claim, the Court of Appeals noted that "it is difficult to imagine how plaintiff's proximity to the 12-inch trough could have entailed an elevation-related risk which called for any of the protective devices of the types listed in section 240 (1)" (*id.*, at 514-515). The conclusion that mere proximity to an elevation differential, alone, is insufficient to trigger the protection of Labor Law § 240 (1) is well supported by *Rocovich* and its progeny (*see, id.; Barrett v Ellenville Natl. Bank, supra; Bradshaw v National Structures*, 249 AD2d 921; *Duke v Eastman Kodak Co.*, 248 AD2d 990, 991; *cf., Somerville v Usdan*, 255 AD2d 500; *Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 914).

We are not persuaded by the majority's conclusion in *Carpio v Tishman Constr. Corp.* (240 AD2d 234) that Labor Law § 240 (1) applied to a plaintiff who, while painting a ceiling, was injured when he backed into a 10 to 15-inch wide and 3-foot deep hole in a concrete floor. In our view, ruling that an elevation differential exists on such facts would render owners and contractors liable for virtually any fall by a construction worker into a hole of any measurable elevation, regardless of its location at the work site, a holding which we believe is plainly at odds with the decision in *Rocovich v Consolidated Edison Co.* (*supra*).

Accordingly, we find that plaintiff's injuries did not result from a "special" elevation-related hazard as required by Labor Law § 240 (1) but, rather, resulted from "the type of peril a construction worker usually encounters on the job site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491, *supra; see, Sutfin v Ithaca Coll.*, 240 AD2d 989, 990). Accordingly, Supreme Court properly awarded defendants summary judgment dismissing the complaint.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.