■ JOSEPH PICCUILLO, Appellant, v BANK OF NEW YORK COMPANY, INC., et al., Respondents, et al., Defendants. BANK OF NEW YORK, Third-Party Plaintiff, v FISCHBACH & MOORE, INC., et al., Third-Party Defendants-Respondents. [716 NYS2d 20] —Order, Supreme Court, New York County (Sheila Abdus-

Salaam, J.), entered on or about October 13, 1999, which, to the extent appealed from as limited by the brief, granted defendant-respondent Rosalie Katz's motion and the cross motion of defendants-respondents Bank of New York Company (the Bank) and Dorff Construction Co. (Dorff) for summary judgment, dismissing plaintiff's claims pursuant to Labor Law § 240 (1) and § 241 (6) with respect to Katz, the Bank, and Dorff, and dismissing plaintiff's claim pursuant to Labor Law § 200 with respect to Dorff, and denied plaintiff's cross motion for leave to supplement or amend his bill of particulars, unanimously affirmed, without costs.

While working in an office space under renovation, plaintiff, an electrician, fell after stepping into a hand-hole, an approximately 12-inch wide and 8-inch deep opening used by electricians to provide access to wiring and ducts embedded in floors. Deposition testimony established that when hand-holes are not in use, they are covered by metal plates secured with screws and that on a construction site, electricians are ordinarily the only workers that open and re-cover them.

Plaintiff's trip and fall was not caused by defendants-respondents' failure to provide or erect necessary safety devices in response to "elevation-related hazards," and, accordingly, the protections of Labor Law § 240 (1) do not apply (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514; *and compare, Carpio v Tishman Constr. Corp.*, 240 AD2d 234, 235).

Even if the bill of particulars had been amended as plaintiff proposed, dismissal of plaintiff's Labor Law § 241 (6) claim would still have been required. Plaintiff's accident was not caused by the type of hazardous opening for which defendants would have been required to provide a cover or safety railing pursuant to the cited sections of the Industrial Code (*see,* 12 NYCRR 23-1.7 [b] [1] [i], [ii]).

Since the record evidence demonstrates that Dorff, the general contractor that subcontracted with plaintiff's employer, did not exercise control and supervision over plaintiff or the worksite during the approximately two weeks plaintiff worked there, the court's grant of summary judgment, dismissing the Labor Law § 200 claim as against Dorff, was proper. Concur—Williams, J. P., Lerner, Buckley and Friedman, JJ.