■ HUMBERTO ALVIA et al., Appellants, v TEMAN ELECTRICAL CONTRACTING, INC., Respondent, and PARKER EAST 72ND ASSOCIATES, L.P., et al., Defendants and Third-Party Plaintiffs-Respondents. COSNER CONSTRUCTION CORP., Third-Party Defendant-Respondent. [731 NYS2d 462] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated June 5, 2000, as denied their motion for summary judgment on the issue of liability based on Labor Law § 240 (1) and § 241 (6), and, upon searching the record, awarded summary judgment in favor of the defendant and the defendants third-party plaintiffs dismissing those causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Humberto Alvia (hereinafter Alvia) was employed by the third-party defendant Cosner Construction Corp. (hereinafter Cosner), which was the concrete subcontractor responsible for pouring the cement floors of a building under construction. The property was owned by the defendant third-party plaintiff Parker East 72nd Associates, L.P. (hereinafter Parker East), and the defendant third-party plaintiff Jack Parker Corp. s/h/a Jack Parka Construction Corp. (hereinafter Parker) was the general contractor. In constructing the floors, Cosner created rectangular holes for heating, ventilation, and air conditioning.

On October 16, 1995, Alvia was carrying sheets of plywood

on the eighth floor when he tripped on a piece of plywood which was approximately 16 inches wide by 16 inches long by ⅝ of an inch thick. His left leg fell into an approximately 12 inch by 16 inch hole in the floor created by Cosner. As his body fell forward onto the floor, an electrical conduit pipe protruding from the floor beside the hole struck his groin. There was no covering over the hole, and no barricade around it. The defendant Teman Electrical Contracting, Inc. (hereinafter Teman), was the electrical subcontractor responsible for installation of the conduit pipes.

Alvia commenced this action against Teman, Parker East, and Parker to recover damages based on Labor Law § 240 (1), § 241 (6) and § 200. The plaintiff Pia Alvia asserted a derivative cause of action. The defendants Parker East and Parker commenced a third-party action against Cosner for indemnification.

Alvia moved for summary judgment on the issue of liability on his causes of action based on Labor Law § 240 (1) and § 241 (6). He contended that the defendants failed to take the necessary precautions to prevent workers from falling through the uncovered hole and that this failure was the proximate cause of his injuries. The Supreme Court denied his motion, and, upon searching the record, granted summary judgment to the defendant, the defendants third-party plaintiffs, and the third-party defendant dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6). We affirm.

The cause of action based on Labor Law § 240 (1) was properly dismissed, as a hole of this dimension does not present an elevation-related hazard to which the protective devices enumerated in the statute are designed to apply (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Piccuillo v Bank of N. Y. Co.,* 277 AD2d 93; *D'Egidio v Frontier Ins. Co.,* 270 AD2d 763; *cf., Carpio v Tishman Constr. Corp.,* 240 AD2d 234). Rather, the hole presented "the type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 489; *see also, Narducci v Manhasset Bay Assocs.,* 96 NY2d 259). Alvia's reliance on our decision in *Robertti v Chang* (227 AD2d 542), in which a worker also fell partially into a hole in the floor, is misplaced. There, the collapse of the temporary flooring posed the risk of a fall to the floor below while in the case at bar such a risk was not presented due to the dimensions of the hole and the permanence of the floor.

The cause of action based on Labor Law § 241 (6) was properly dismissed. In the Supreme Court, Alvia relied on

Industrial Code 12 NYCRR 23-1.7 (b) (1). The regulation, entitled "hazardous openings," requires as a safety measure either a substantial cover fastened in place or a safety railing with a gate. Although the regulation does not define a hazardous opening, we agree with the Supreme Court that based on the regulation as a whole, it is not meant to apply to the type of hole at issue here. The regulation provides that employees must be protected by planking installed not more than one floor or 15 feet beneath the opening, a life net five feet underneath the hole, or a safety belt with a lifeline. It is apparent that these measures are intended to protect workers from falling through an opening to the floor below and are inapplicable where the hole is too small for a worker to fall through (*see, Piccuillo v Bank of N. Y. Co., supra*; *D'Egidio v Frontier Ins. Co., supra*).

On appeal, Alvia contends that the Supreme Court erred in failing to consider two additional Industrial Code regulations cited in his bill of particulars: 12 NYCRR 23-1.7 (e) (1) and (2). However, Alvia did not rely on these regulations in his motion for summary judgment and consequently his arguments are unpreserved for appellate review (*see, Pellicane v Lambda Chi Alpha Fraternity*, 228 AD2d 569).

In any event, the evidence did not establish that these regulations are applicable to the facts of this case. 12 NYCRR 23-1.7 (e) (1) requires passageways to be kept clear of debris or other obstructions which may cause tripping. However, Alvia was working on an open floor, not in a passageway (*see, Isola v JWP Forest Elec. Corp.*, 262 AD2d 95; *Vieira v Tishman Constr. Corp.*, 255 AD2d 235; *Boss v Integral Constr. Corp.*, 249 AD2d 214).

12 NYCRR 23-1.7 (e) (2) requires working areas, such as a floor, to be kept clear of debris and "scattered tools and materials * * * insofar as may be consistent with the work being performed." Alvia was employed as a "stripping foreman," that is, he removed the wood used to hold the concrete casting in place. At the time of the accident, he was stacking plywood. Thus, the plywood on which he tripped was not "debris" or "scattered materials" but was material used in the actual task he was performing. The regulation does not apply where "the object on which plaintiff tripped * * * was an integral part of the work he was performing" (*Sharrow v Dick Corp.*, 233 AD2d 858, 860; *cf., Lenard v 1251 Ams. Assocs.*, 241 AD2d 391). O'Brien, J. P., Schmidt and Cozier, JJ., concur.

S. Miller, J., concurs in part and dissents in part, and votes to modify the order to grant that branch of the plaintiffs' mo-

tion which was for summary judgment on the issue of liability against Parker East and Parker based upon Labor Law § 241 (6), with the following memorandum: I disagree with my colleagues only insofar as they have upheld the Supreme Court's dismissal of the plaintiffs' causes of action predicated upon Labor Law § 241 (6). The Industrial Code regulation underlying the plaintiffs' Labor Law § 241 (6) claims, 12 NYCRR 23-1.7 (b) (1), was expressly intended to protect workers from dangers posed by *"[e]very hazardous opening* into which a person *may step* or fall" and requires that these openings be protected by "substantial covers" or that safety barriers be placed around them (12 NYCRR 23-1.7 [b] [1] [i], [ii] [emphasis added]). That regulatory command could not be more clear; *every opening* must be appropriately guarded. Here, the plaintiff Humberto Alvia fell into an unguarded opening and his injuries would have been prevented by a suitable cover (*see, Gottstine v Dunlop Tire Corp.,* 272 AD2d 863). Therefore, the plaintiffs are entitled to summary judgment on the issue of liability on their Labor Law § 241 (6) claims.

Moreover, I do not agree with the majority insofar as it posits that this regulation is inapplicable to the comparatively small opening in issue. The specific subdivision of the regulation to which the majority cites is expressly applicable where workers are required to work close to the edge of a hazardous opening and does require substantial safety devices (12 NYCRR 23-1.7 [b] [1] [i], [iii]). However, the mere fact that one specific provision within the regulation may be tailored to larger openings, which undeniably pose greater dangers, does not negate the plain meaning of the unambiguous regulatory command that *"every hazardous opening* into which a person *may step"* must be covered. The regulation expressly applies to "every opening," not just large ones!

On this point, neither *D'Egidio v Frontier Ins. Co.* (270 AD2d 763) nor *Piccuillo v Bank of N. Y. Co.* (277 AD2d 93), are controlling. Those decisions of the Appellate Division, Third and First Departments, respectively, determined that small trapdoor-like openings providing access to electrical wiring conduits were not the type of openings covered by 12 NYCRR 23-1.7 (b) (1). However, the opening in controversy in this case was larger than either of those in *D'Egidio* and *Piccuillo,* and it opened to the floor below; it was not just an access point to wiring located inches below the floor. Furthermore, it is of no consequence that Alvia did not fall all the way through the hole (*see, O'Connor v Lincoln Metrocenter Partners,* 266 AD2d 60; *Robertti v Chang,* 227 AD2d 542).

Accordingly, the plaintiffs clearly established the violation of this Industrial Code provision and that such violation was the proximate cause of their injuries. Since the defendant owner and general contractor failed to raise an issue of fact in response to this showing, the plaintiffs are entitled to summary judgment on their cause of action pursuant to Labor Law § 241 (6) against those defendants (*see generally, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Lorefice v Reckson Operating Partnership,* 269 AD2d 572).

While owners and general contractors are held absolutely liable under Labor Law § 241 (6) irrespective of their ability to supervise and control, subcontractors will only be held liable as agents upon obtaining the authority to supervise and control (*see, Russin v Picciano & Son,* 54 NY2d 311). Accordingly, while I would award partial summary judgment on the issue of liability in favor of the plaintiffs as against the owner, Parker East, and the general contractor, Parker, on the causes of action pursuant to Labor Law § 241 (6), the motion should be denied as against the electrical subcontractor, Teman, as there are issues of fact as to whether it was delegated any authority and control over the work so as to subject it to liability.