■ THOMAS MESSINA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [752 NYS2d 608] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered October 26, 2001, granting plaintiff's motion to reargue so much of the court's prior order, entered July 16, 2001, which granted summary judgment to defendants on plaintiff's Labor Law § 241 (6) claim, and, insofar as appealed from as limited by the brief, upon reargument, denied summary judgment to defendants on that claim, unanimously reversed, on the law, without costs, and defendants granted summary judgment dismissing the section 241 (6) claim. The Clerk is directed to enter judgment accordingly.

Plaintiff Thomas Messina, an electrician employed by Penn Electric Co., suffered injuries to his leg when, in the course of performing electrical work on the roof of Yankee Stadium, he inadvertently stepped backwards into an unguarded, open

drainpipe hole that measured approximately 12 inches in diameter and 7 to 10 inches deep. Messina and his spouse subsequently brought this action for damages under Labor Law §§ 200 and 241 (6) against the City of New York, which owns Yankee Stadium, and New York Yankees, an Ohio partnership, and The New York Yankees (collectively the Yankees), which operate and control Yankee Stadium pursuant to a master lease agreement with the City. The Yankee defendants moved for summary judgment dismissing the complaint. Supreme Court initially denied the motion to the extent it sought dismissal of the section 200 claim but granted it with respect to the section 241 (6) cause of action. On plaintiffs' subsequent motion for reargument, Supreme Court also denied defendants' motion with respect to the section 241 (6) claim, holding that whether the drainpipe hole into which Messina stepped was a "hazardous opening" within the meaning of section 23-1.7 (b) (1) of the Industrial Code (12 NYCRR)—and, thus, a violation of section 241 (6)—was a question of fact for jury determination, making summary judgment on the section 241 (6) claim inappropriate. Defendants, as limited by their brief, appeal only from the court's ruling on the section 241 (6) claim.

Labor Law § 241 (6) requires building owners and contractors to "provide reasonable and adequate protection and safety" for workers involved in building construction, excavation or demolition and to comply with safety rules and regulations promulgated by the State Commissioner of Labor (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502). To assert a sustainable cause of action under section 241 (6), a plaintiff "must allege a violation of a concrete specification of the [Commissioner's regulations in the] Industrial Code" (*Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232).

In support of the section 241 (6) claim plaintiffs rely in the Court solely on section 23-1.7 (b) (1) of the Industrial Code (12 NYCRR 23-1.7 [b] [1] [i]).* That section provides in pertinent part as follows:

"(b) Falling hazards.

"(1) Hazardous openings.

"(i) Every hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule).

---

* In their response to defendants' summary judgment motion, plaintiffs cited additional sections of the Industrial Code as possible bases for their section 241 (6) claim, which were rejected by Supreme Court.

"(ii) Where free access into such an opening is required * * * a barrier or safety railing constructed and installed in compliance with this Part (rule) shall guard such opening and the means of free access to the opening shall be a substantial gate. Such gate shall swing in a direction away from the opening and shall be kept latched except for entry and exit.

"(iii) Where employees are required to work close to the edge of such an opening, such employees shall be protected as follows:

"(a) Two-inch planking * * * installed not more than one floor or 15 feet, whichever is less, beneath the opening; or

"(b) An approved life net installed not more than five feet beneath the opening; or

"(c) An approved safety belt with attached lifeline which is properly secured to a substantial fixed anchorage." (12 NYCRR 23-1.7 [b] [1].)

The regulation does not define "hazardous opening." The interpretation of an Industrial Code regulation and determination as to whether a particular condition is within the scope of the regulation present questions of law for the court (*see Penta v Related Cos.*, 286 AD2d 674, 675; *Millard v City of Ogdensburg*, 274 AD2d 953; *Stasierowski v Conbow Corp.*, 258 AD2d 914; *Cardenas v American Ref-Fuel Co.*, 244 AD2d 377; *cf. Piccuillo v Bank of N.Y. Co.*, 277 AD2d 93, 94 [affirming the dismissal of a section 241 (6) claim based on the Court's determination that plaintiff's injury was not caused by the type of "hazardous opening" referred to in 12 NYCRR 23-1.7 (b) (1) (i) or (ii)]). Thus, Supreme Court erred in holding that whether the drainpipe hole into which plaintiff stepped was a "hazardous opening" within the meaning of the Industrial Code was a question of fact for the jury to decide.

Reading the regulation as a whole, it is clear that it was not intended to apply to the type of opening involved in this case. As its heading reflects, 12 NYCRR 23-1.7 (b) establishes rules for protection against "[f]alling hazards." The safety measures required—planking installed below the opening, safety nets, harnesses and guard rails—all bespeak of protections against falls from an elevated area to a lower area through openings large enough for a person to fit (*see e.g. Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423, *lv. dismissed* 97 NY2d 749; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765, *lv denied* 95 NY2d 765). In *Piccuillo v Bank of N.Y. Co.* (277 AD2d 93, 94), we affirmed Supreme Court's dismissal of a section 241 (6) claim, holding that an electrical wiring "hand-hole" that was virtually identical in diameter and depth to the drainpipe opening in

this case—approximately 12 inches in diameter and eight inches deep—was not "the type of hazardous opening for which defendants would have been required to provide a cover or safety railing pursuant to * * * 12 NYCRR 23-1.7 [b] [1] [i], [ii]" (*compare D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [a wiring and piping opening 5 by 12 inches wide and 15 to 24 inches deep into which plaintiff stepped and tripped was not a "hazardous opening" within the meaning of 12 NYCRR 23-1.7 (b) (1)], and *Keegan v Swissotel N.Y.*, 262 AD2d 111, *lv dismissed* 94 NY2d 858 [partially covered 18-inch opening to the floor below through which plaintiff's body partially fell did constitute a "hazardous opening"]).

Because the drainpipe hole into which plaintiff inadvertently stepped, like the hand-hole in *Piccuillo* and the wiring/piping hole in *D'Egidio*, was not a "hazardous opening" within the meaning of 12 NYCRR 23-1.7 (b), defendants were entitled to summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.