■ THOMAS RICE, Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK, Defendant, and TURNER CONSTRUCTION Co., INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. ATLAS GEM ERECTORS, Third-Party Defendant-Respondent-Appellant. [755 NYS2d 419] —In an action to recover damages for personal injuries, the defendant Turner Construction Co., Inc., appeals from so much of a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered November 5, 2001, as, upon a jury verdict, and upon an order of the same court, dated September 13, 2000, granting its motion and the motion of the third-party defendant, Atlas Gem Erectors, to set aside the verdict pursuant to CPLR 4404 only to the extent of directing a new trial on the issue of damages as to loss of earnings and future loss of earnings unless the plaintiff stipulated to reduce the verdict as to those damages from $1,304,463.70 to $550,000, and upon the plaintiff's stipulation so reducing those damages, is in favor of the plaintiff and against it in the principal sum of $929,287.85, and the third-party defendant, Atlas Gem Erectors, cross-appeals from so much of the same judgment as is in favor of the defendant Turner Construction Co., Inc., and against it.

Ordered that the judgment is reversed, on the law, with one bill of costs to the defendant Turner Construction Co., Inc., and the third-party defendant, Atlas Gem Erectors, the motions to set aside the verdict are granted, and the complaint and the third-party complaint are dismissed.

The plaintiff sustained personal injuries after his leg allegedly fell into a hole in the rear of a flatbed truck while unloading bundles of steel at a construction site. The plaintiff was a steel worker employed by the third-party defendant, Atlas Gem Erectors (hereinafter Atlas), which was the subcontractor hired by the general contractor, the defendant Turner Construction Co., Inc. (hereinafter Turner). At the commencement of the trial, the action was discontinued as against the owner of the premises, the defendant Board of Education of the City of New York. The trial was bifurcated.

After the close of the plaintiff's case on liability, the plaintiff

moved for judgment as a matter of law under Labor Law § 240 (1) and § 241 (6). The Labor Law § 241 (6) cause of action was premised upon violations of Industrial Code § 23-1.7 (12 NYCRR 23-1.7). Both Turner and Atlas moved to dismiss those causes of action. With respect to the Labor Law § 241 (6) cause of action, Turner and Atlas argued, inter alia, that the hole was not the type of "hazardous opening" contemplated by Industrial Code § 23-1.7 (b). The trial court dismissed the plaintiff's Labor Law § 240 (1) cause of action and allowed the Labor Law § 241 (6) cause of action, predicated solely on a violation of 12 NYCRR 23-1.7 (b), to go to the jury. The jury returned a verdict on the issue of liability finding Turner 100% at fault in the happening of the accident, and subsequently returned a verdict on the issue of damages. Turner and Atlas separately moved pursuant to CPLR 4404 to set aside the verdict, and the trial court granted the motions only to the extent of directing a new trial on the issue of damages as to loss of earnings and future loss of earnings, unless the plaintiff stipulated to reduce the verdict as to those damages. The plaintiff so stipulated. We reverse.

The evidence presented at trial by the plaintiff established that the hole in the platform of the flatbed truck was approximately one-foot by one-foot in size, and that the plaintiff's leg went into the hole up to his thigh, or approximately 2½ to 3 feet. We recently held in *Alvia v Teman Elec. Contr.* (287 AD2d 421, 422-423 [2001]), that although the term "hazardous opening" is not defined in 12 NYCRR 23-1.7 (b), based upon a review of the regulation as a whole—particularly the safety measures delineated therein—it is apparent that the regulation is "inapplicable where the hole is too small for a worker to fall through" (*see Piccuillo v Bank of N.Y. Co.*, 277 AD2d 93 [2000]; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763 [2000]). Given the undisputed fact that the hole in the platform of the flatbed truck was not large enough for the plaintiff to completely fall through, Industrial Code § 23-1.7 (b) was inapplicable to the facts of this case and should not have been given to the jury as a basis for liability under Labor Law § 241 (6).

The plaintiff's claim that the trial court erred in denying his motion for judgment as a matter of law under Labor Law § 240 (1) is without merit. We note that the plaintiff may raise, as an alternative ground for affirmance, arguments concerning the denial of his motion for judgment as a matter of law under Labor Law § 240 (1) (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]). In determining whether Labor Law § 240 (1) applies, the question is whether there is

"a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514 [1991]).

The plaintiff's contention that the platform of the flatbed truck constituted the type of elevation-related risk contemplated by the statute was properly rejected by the trial court. The task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed (*see Jacome v State of New York,* 266 AD2d 345 [1999]; *see also Vargas v State of New York,* 273 AD2d 460 [2000]; *Dilluvio v City of New York,* 264 AD2d 115 [2000], *affd* 95 NY2d 928 [2000]; *Tillman v Triou's Custom Homes,* 253 AD2d 254 [1999]). Moreover, "a hole of this dimension does not present an elevation-related hazard to which the protective devices enumerated in [Labor Law § 240 (1)] are designed to apply" (*Alvia v Teman Elec. Contr., supra* at 422). Thus, the trial court properly dismissed the plaintiff's Labor Law § 240 (1) claim.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.