■ STEPHEN PARKER, Appellant, v ARIEL ASSOCIATES CORP., Defendant and Third-Party Plaintiff-Respondent, and PARAGON SPORTING GOODS CO., INC., Defendant and Third-Party Plaintiff-Appellant. RICHARD C. MUGLER CO., INC., et al., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [798 NYS2d 489]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated

February 19, 2004, as granted those branches of the separate cross motions of the defendant second third-party plaintiff/third third-party plaintiff, Paragon Sporting Goods, Co., Inc., the third-party defendant/second third-party defendant, Richard C. Mugler Co., Inc., the defendant third-party plaintiff, Ariel Associates Corp., true name Ariel Associates, LLC, and the third third-party defendant, Master Building, Inc., which were for summary judgment dismissing the causes of action based on violations of Labor Law § 240 (1) and § 241 (6), inter alia, predicated upon alleged violations of 12 NYCRR 23-1.7 (e) (1) and (2) insofar as asserted against them, and the defendant second third-party plaintiff/third third-party plaintiff, Paragon Sporting Goods Co., Inc., separately appeals, as limited by its brief, from stated portions of the same order.

Ordered that the appeal by the defendant second third-party plaintiff/third third-party plaintiff, Paragon Sporting Goods Co., Inc., is dismissed, as that defendant is not aggrieved by the portions of the order appealed from (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant second third-party plaintiff/third-third-party plaintiff Paragon Sporting Goods Co., Inc., the third-party defendant/second third-party defendant, Richard C. Mugler Co., Inc., the defendant third-party plaintiff, Ariel Associates Corp., true name Ariel Associates, LLC, and the third third-party defendant, Master Building, Inc.

The plaintiff was employed by the third-party defendant/second third-party defendant, Richard C. Mugler Co., Inc. (hereinafter Mugler), which was hired to perform shoring work at a construction site on property owned by the defendant third-party plaintiff, Ariel Associates Corp., true name Ariel Associates, LLC (hereinafter Ariel). The plaintiff, along with about four other workers, was working on the ground floor, moving a steel I-beam, weighing between 300 and 400 pounds. The plaintiff and his coworkers carried the steel I-beam a distance of five feet, and planned to place it on top of a scaffold, which was located approximately eight feet off the ground. As the plaintiff was holding the steel I-beam above his head, a coworker tripped, causing the steel I-beam to fall to the ground. The plaintiff allegedly injured his elbows as he tried to prevent the steel I-beam from landing on the ground.

The plaintiff commenced this action to recover damages for

personal injuries asserting causes of action, inter alia, based upon violations of Labor Law § 240 (1) and § 241 (6), predicated on alleged violations of 12 NYCRR 23-1.7 (e) (1) and (2). Mugler, Ariel, the defendant second third-party plaintiff/third third-party plaintiff, Paragon Sporting Goods, Co., Inc., and the third third-party defendant, Master Building, Inc., separately cross-moved, among other things, for summary judgment dismissing the complaint. The Supreme Court granted those branches of their respective cross motions which were to dismiss the plaintiff's causes of action based upon violations of Labor Law § 240 (1) and § 241 (6), among other things, predicated upon alleged violations of 12 NYCRR 23-1.7 (e) (1) and (2). We affirm.

The cause of action based upon violation of Labor Law § 240 (1) was properly dismissed as the plaintiff was not subject to an elevation-related hazard to which the protective devices enumerated in the statute apply (*see Toefer v Long Is. R.R.,* 4 NY3d 399 [2005]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514-515 [1991]; *Alvia v Teman Elec. Contr.,* 287 AD2d 421 [2001]). Rather, the plaintiff was exposed to the "usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843 [1994]; *Alvia v Teman Elec. Contr., supra*).

The Supreme Court properly dismissed the cause of action based on violation of Labor Law § 241 (6) predicated upon alleged violations of 12 NYCRR 23-1.7 (e). 12 NYCRR 23-1.7 (e) (1) applies to tripping hazards in passageways, and the plaintiff was not using the area as a passageway when the accident occurred (*see Salinas v Barney Skanska Constr. Co.,* 2 AD3d 619, 622 [2003]; *Rose v A. Servidone, Inc.,* 268 AD2d 516, 517 [2000]). 12 NYCRR 23-1.7 (e) (2) is also inapplicable, as that section requires that floors or other work areas be kept free from the accumulation of dirt and debris, and from scattered tools and materials and sharp projections. Here, the accident allegedly was caused by a piece of plywood which was part of the floor (*see Kulis v Xerox Corp.,* 231 AD2d 922, 922-923 [1996]). Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.