■ SCOTT BRAY, Respondent, v STATE OF NEW YORK, Appellant. [832 NYS2d 75]—

In a claim to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Court of Claims (Scuccimarra, J.), dated March 3, 2006, which, upon an order of the same court dated February 6, 2006, inter alia, denying that branch of its motion which was for summary judgment dismissing the claim to recover damages for violation of Labor Law § 240 (1), and granting that branch of the claimant's cross motion which was for summary judgment on the issue of liability under Labor Law § 240 (1), is in favor of the claimant on the issue of liability on the Labor Law § 240 (1) claim.

Ordered that the interlocutory judgment is reversed, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the claim to recover damages for violation of Labor Law § 240 (1) is granted, that branch of the claimant's motion which was for summary judgment on

the issue of liability on his claim to recover damages for violation of Labor Law § 240 (1) is denied, the claim to recover damages for violation of Labor Law § 240 (1) is dismissed, and the order dated February 6, 2006 is modified accordingly.

The defendant established its prima facie entitlement to summary judgment by demonstrating that the two-foot height from which the claimant had to operate a drill rig did not pose the type of "significant risk" (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 408-409 [2005]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]) or "exceptionally dangerous condition" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 580 [2003]; *Dilluvio v City of New York*, 264 AD2d 115, 118 [2000], *affd* 95 NY2d 928 [2000]) contemplated by Labor Law § 240 (1). In opposition, the claimant failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the defendant was entitled to summary judgment dismissing the claim to recover damages for violation of Labor Law § 240 (1). Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.