■ Scott DeSabato, Appellant-Respondent, v 674 Carroll Street Corp., Respondent-Appellant, and Wendy Fleischer, Respondent. (And Third-Party Actions.) [868 NYS2d 209]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated July 11, 2007, as granted those branches of the motion of the defendant Wendy Fleischer which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against her and denied his cross motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1), and the defendant 674 Carroll Street Corp. cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant Wendy Fleischer which was for summary judgment dismissing the contractual indemnification claim asserted in the third-party complaint and denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it and for summary judgment on the contractual indemnification claim asserted in the third-party complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendant Wendy Fleischer.

The plaintiff allegedly was injured while performing renovation work in a cooperative apartment building owned by the defendant 674 Carroll Street Corp. (hereinafter Carroll Street). The defendant Wendy Fleischer was the shareholder and proprietary lessee of the apartment in which the accident occurred.

Under Labor Law §§ 240 and 241, owners of one- and two-family dwellings who contract for but do not direct or control work performed on their property are exempt from the liability imposed by those statutes (*see Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452 [1996]). While it is undisputed that Fleischer did not direct or control

the plaintiff's work, the plaintiff argues that Fleischer does not qualify for the homeowner exemption because she intended to use one of the rooms of her apartment as a home office. We disagree. Although the homeowner exemption does not apply where a one-family dwelling is "used by its owner exclusively for commercial purposes" (*Bartoo v Buell*, 87 NY2d at 368), the presence of a home office is not sufficient to deprive an apartment of its essentially residential character (*see Miller v Trudeau*, 270 AD2d 683 [2000]). Since the work contracted for by Fleischer directly related to the residential use of her home, she was entitled to the benefit of the homeowner exemption (*see Bartoo v Buell*, 87 NY2d at 368). Thus, the Supreme Court properly granted those branches of Fleischer's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against her, and properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of Fleischer's liability on the causes of action alleging a violation of Labor Law § 240 (1).

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of Carroll Street's liability on the causes of action alleging a violation of Labor Law § 240 (1). The plaintiff, through his own deposition testimony, established his prima facie entitlement to judgment as a matter of law by demonstrating that he was exposed to an elevation-related risk for which no safety devices were provided, and that such failure was a proximate cause of his injuries (*see Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693 [2006]; *Brandl v Ram Bldrs., Inc.*, 7 AD3d 655 [2004]). In opposition, however, Carroll Street presented evidence as to how the accident occurred which sharply conflicted with the plaintiff's testimony (*see Public Adm'r of Kings County v 8 B.W., LLC*, 40 AD3d 834, 835 [2007]; *Aslam v Weiss*, 308 AD2d 426 [2003]) and which supported a conclusion that Labor Law § 240 (1) was inapplicable (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421 [2001]).

The Supreme Court properly denied those branches of Carroll Street's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it. Carroll Street is liable for any violation of Labor Law § 240 (1) or § 241 (6) that proximately caused injury to the plaintiff, regardless of whether it contracted for or benefitted from the work in Fleischer's apartment (*see Sanatass v Consolidated Inv. Co.*,

*Inc.*, 10 NY3d 333 [2008]; *Coleman v City of New York*, 91 NY2d 821 [1997]), and the Supreme Court correctly determined that Carroll Street, the owner of a four-unit apartment building, was not entitled to the homeowner exemption of Labor Law §§ 240 or 241 (*cf. Van Amerogen v Donnini*, 78 NY2d 880 [1991]). As noted above, there are triable issues of fact with respect to Carroll Street's liability on the causes of action alleging a violation of Labor Law § 240 (1). In addition, there is a triable issue of fact as to whether section 23-1.7 (b) (1) of the Industrial Code (12 NYCRR) is applicable in this case (*see Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 579 [2003]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 422-423 [2001]), thus precluding summary judgment on the issue of Carroll Street's liability on the causes of action alleging a violation of Labor Law § 241 (6).

Finally, the Supreme Court properly granted that branch of Fleischer's motion which was for summary judgment dismissing the contractual indemnification claim asserted against her by Carroll Street in the third-party complaint, and properly denied that branch of Carroll Street's cross motion which was for summary judgment on the contractual indemnification claim. The indemnification clause in the proprietary lease between Carroll Street and Fleischer is broad enough to be read to exempt Carroll Street from liability for damages resulting from its own negligence, or that of its agents or servants. It is not limited to Fleischer's acts or omissions, it fails to make an exception for Carroll Street's own negligence, and it does not limit Carroll Street's recovery from Fleischer to insurance proceeds (*see Po W. Yuen v 267 Canal St. Corp.*, 41 AD3d 812 [2007]; *cf. Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412 [2006]). Nor was the proprietary lease negotiated at arm's length by two sophisticated business entities with the intent of allocating the risk of liability to third parties by requiring one party to obtain insurance for their mutual benefit (*cf. Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158 [1977]; *Schumacher v Lutheran Community Servs.*, 177 AD2d 568, 569 [1991]). Thus, the indemnification clause is unenforceable under General Obligations Law § 5-321.

Carroll Street's remaining contentions need not be reached in light of our determination. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.