Velasquez v RS JZ Driggs, LLC (2024 NY Slip Op 05574)

Velasquez v RS JZ Driggs, LLC

2024 NY Slip Op 05574

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01958
 (Index No. 514312/19)

[*1]Blaines Santos Velasquez, respondent,
v
RS JZ Driggs, LLC, et al., appellants.

Fleischner Potash LLP, New York, NY (Jason S. Steinberg, Alisa Dultz, and Daniel Stewart of counsel), for appellants.
Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 12, 2023. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.5(c)(3) and 23-1.7(e)(2).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2019, the plaintiff was working on a project to construct a new building for the defendant RS JZ Driggs, LLC. The defendant Foremost Contracting and Building, LLC, was the general contractor on the project. According to the plaintiff, who was employed as an ironworker by a subcontractor, he was injured when a piece of temporary plywood flooring "kind of came up," causing him to fall on a vertical column of rebar. The plaintiff commenced this action alleging, inter alia, a violation of Labor Law § 241(6). The defendants moved for summary judgment dismissing the complaint. By order dated January 12, 2023, the Supreme Court, among other things, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.5(c)(3) and 23-1.7(e)(2). The defendants appeal.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers and to comply with the specific safety rules and Industrial Code regulations promulgated by the Commissioner of the Department of Labor" (Miller v R.L.T. Props., Ltd., 206 AD3d 648, 650; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case (see Dyszkiewicz v City of New York, 218 AD3d 546, 548; Devoy v City of New York, 192 AD3d 665, 669).
Here, the defendants' own submissions, which included a transcript of the plaintiff's deposition testimony, failed to eliminate a triable issue of fact as to whether the alleged defect in the [*2]temporary plywood flooring constituted a violation of 12 NYCRR 23-1.5(c)(3), which requires that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." At his deposition, the plaintiff testified that he fell because a piece of the temporary plywood floor in his work area "kind of came up." This presented a triable issue of fact as to whether the temporary plywood flooring—equipment necessary for the work being performed—was "sound and operable" (id.).
Further, the defendants' submissions failed to eliminate a triable issue of fact as to whether the vertical column of rebar in the plaintiff's work area constituted a violation of 12 NYCRR 23-1.7(e)(2). This Industrial Code provision requires that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed" (id.).
As an initial matter, the Supreme Court correctly concluded that 12 NYCRR 23-1.7(e)(2) would be inapplicable if the sole alleged cause of the plaintiff's injury was the plywood floor (see Parker v Ariel Assoc. Corp., 19 AD3d 670, 672), but the plaintiff further alleged that his injuries were caused by the uncapped vertical column of rebar in his work area. Although 12 NYCRR 23-1.7(e)(2) is inapplicable in circumstances where a plaintiff trips over material that is integral to the work being performed (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806; Murphy v 80 Pine, LLC, 208 AD3d 492, 497), that exception does not apply, where, as here, the plaintiff does not allege that he tripped on rebar, but instead alleges that he was injured when he fell on the rebar, which constitutes a "sharp projection[ ]" within the meaning of that Industrial Code provision (see Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984). Contrary to the defendants' contention, the plaintiff's deposition testimony presented a triable issue of fact as to whether the rebar was uncapped prior to the accident.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.5(c)(3) and 23-1.7(e)(2), without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court