■ Stella Piaseczny, Appellant, v John Bartolo et al., Defendants, and Hoyt Avenue Management, Inc., Respondent. [707 NYS2d 45] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about March 12, 1999, which, in an action for personal injuries sustained when plaintiff was struck by a taxicab, granted defendant taxicab agent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

The motion was properly granted in the absence of any evidence tending to show that the taxicab agent was in any man-

ner involved with the operation of the cab, or was the owner of either the cab (*see*, Vehicle and Traffic Law § 128) or the medallion that was attached to the cab (*see*, Administrative Code of City of NY § 19-530 [1]). A different result is not warranted by the fact that the lease agreement the agent entered into with the driver on the medallion owner's behalf refers to the agent as "Owner." Even plaintiff's complaint alleges that the cab and the medallion are owned by other defendants, and there is simply no genuine issue in that regard. The same lease agreement makes clear that the driver was not the agent's employee, and no evidence showing otherwise is offered by plaintiff. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.