■ MELVIN D. JAMES, Respondent, v R & G HACKING CORP. et al., Defendants, and TAXI WHEELS TO LEASE, INC., Appellant. [835 NYS2d 61]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered February 8, 2006, which denied defendant Taxi Wheels to Lease, Inc.'s (TWL) motion for summary judgment dismissing the complaint as against it on the ground that it did not possess an ownership interest in the subject vehicle, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against Taxi Wheels to Lease, Inc. The Clerk is directed to enter judgment accordingly.

Initially, we find that the motion court erred when it denied Taxi Wheels to Lease, Inc.'s motion for summary judgment on the ground that it was actually an untimely motion to reargue a prior order granting plaintiff leave, pursuant to CPLR 3025, to add TWL as a defendant. It is settled that the standard applied on a motion to amend a pleading is much less exacting than the standard applied on a motion for summary judgment (*see* *Thompson v Cooper*, 24 AD3d 203, 206 [2005]; *Baskin & Sears v Lyons*, 188 AD2d 307, 308 [1992]). Here, the earlier determination granting plaintiff leave was not on the merits or, as plaintiff characterizes it, "law of the case," and does not preclude TWL from establishing, on a motion for summary judgment, that it held no ownership interest in the taxi as a matter of law.

We now address TWL's motion for summary judgment, as an appellate court may search the record and grant summary judgment to eligible parties (*Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc.*, 34 AD3d 244, 246 [2006]; *Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142, 143 [2005]).

In *Piaseczny v Bartolo* (271 AD2d 267, 267-268 [2000]), this Court held that absent evidence indicating that "the taxicab agent was in any manner involved with the operation of the cab, or was the owner of either the cab (*see*, Vehicle and Traffic Law § 128) or the medallion that was attached to the cab (*see*, Administrative Code of City of NY § 19-530 [1])," then summary judgment in the agent's favor is warranted. Here, as in *Piaseczny*, the evidence demonstrates that TWL was not the registrant or title owner of the taxicab, did not own the medallion attached thereon, did not employ the driver operating the cab at the time of the incident, and did not control the day-to-day operation of the vehicle. Accordingly, summary judgment in favor of TWL, dismissing the complaint as against that entity, should be granted. Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.