CARL GEONIE, Appellant, v OD & P NY LIMITED et al., Respondents, et al., Defendants. (And a Third-Party Action.) O.D. & P., NEW YORK, LTD., Second Third-Party Plaintiff-Respondent, v ARI PRODUCTS, INC., Second Third-Party Defendant-Respondent. [855 NYS2d 495]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 3, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim, upon searching the record, dismissed the Labor Law § 240 (1) and § 241 (6) claims against all defendants, and granted the cross motion of defendants I. Park Lake Success, LLC, I. Park Holdings, LLC and I. Park Investments, Inc. for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims as against them, unanimously affirmed, without costs. Order, same court and Justice, entered June 7, 2007, which, to the extent appealed from as limited by the briefs, dismissed the Labor Law § 240 (1) and § 241 (6) claims as against defendant Cushman & Wakefield, unanimously affirmed, without costs. Order, same court and Justice, entered June 7, 2007, which, to the extent appealed

from as limited by the briefs, dismissed the Labor Law § 240 (1) and § 241 (6) claims as against defendant New York Mercantile Exchange, unanimously affirmed, without costs. Order, same court and Justice, entered July 16, 2007, which, to the extent appealed from as limited by the briefs, dismissed the remaining Labor Law § 200 and negligence causes of action as against defendant OD & P NY Limited, unanimously affirmed, without costs.

The Labor Law § 240 (1) claim was properly dismissed because plaintiff's stepping into the opening left by the removal of a tile in a raised "computer floor" was not caused by defendants' failure to provide safety devices to protect against an elevation-related hazard (*see Piccuillo v Bank of N.Y. Co.*, 277 AD2d 93, 94 [2000]; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]).

The Labor Law § 241 (6) claim based on Industrial Code (12 NYCRR) § 23-1.7 (b) (1) was properly dismissed because the opening into which plaintiff stepped was not the type of opening intended to be covered by the regulation.

The Labor Law § 200 and common-law negligence claims were properly dismissed as against the general contractor, OD & P, because the evidence that OD & P's project superintendent coordinated the work of the trades, conducted weekly safety meetings with subcontractors, conducted regular walk-throughs, and had the authority to stop the work if he observed an unsafe condition is insufficient to raise a triable issue whether OD & P exercised the requisite degree of supervision and control over the work to sustain those claims (*see O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [2006], *affd* 7 NY3d 805 [2006]; *Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 309 [2007]; *Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [2005]). Moreover, there is no evidence that OD & P had actual notice of the unsafe condition, and the evidence that the topic of removed tile was generally discussed at weekly safety meetings was insufficient to raise a triable issue as to constructive notice (*see Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]). Concur— Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.