■ JOSEPH ROMEO, Appellant, v PROPERTY OWNER (USA) LLC et al., Respondents. [877 NYS2d 48]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 14, 2007, which granted defendants property owner and general contractor's motion to dismiss the complaint, and denied plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff electrician's injury occurred when, while walking on a raised computer floor, he stepped on a floor tile that suddenly and unexpectedly dislodged, causing his right foot to fall through the two-foot-by-two-foot opening created by the missing tile and strike the concrete subfloor 18 inches below.

Plaintiff's claims pursuant to Labor Law §§ 200, 240 (1) and § 241 (6) were properly dismissed. As to the section 240 (1) claim, plaintiff's injury while walking on the permanent floor did not involve an elevation-related hazard of the type contemplated by the statute, and did not necessitate the provision of the type of safety devices set forth in the statute (*see Geonie v OD & P NY Ltd.,* 50 AD3d 444, 445 [2008]; *Piccuillo v Bank of N.Y. Co.,* 277 AD2d 93, 94 [2000]; *D'Egidio v Frontier Ins. Co.,* 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]). Plaintiff's section 200 claim and common-law negligence claim were unsupported by evidence to indicate that the owner and general contractor either had notice of the alleged hazardous tile condition or that they directly controlled and supervised the electrical work in question (*see Geonie,* 50 AD3d at 445; *see also Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505-506

[1993]). Plaintiff testified that the tile floor had appeared defect-free during the five days he worked at the job site, and at all times prior to his accident. Further, plaintiff testified that his work instructions came only from a subforeman who, like plaintiff, was employed by the electrical subcontractor.

Plaintiff's section 241 (6) claim was also properly dismissed for the reasons set forth in *Geonie* and *D'Egidio*. The "hazardous opening" provision (*see* Industrial Code [12 NYCRR] § 23-1.7 [b] [1]), relied upon for the alleged section 241 (6) violation, was inapplicable, inasmuch as the "opening" in question and the 18-inch depth to the subfloor did not present significant depth and size to warrant the protection of the provision (*see e.g. Messina v City of New York*, 300 AD2d 121, 123-124 [2002]).

To the extent plaintiff also relied upon Industrial Code (12 NYCRR) § 23-1.7 (e) (2) (work area debris and tripping hazards) as a predicate for a section 241 (6) violation, such provision is inapplicable to the circumstances alleged here. Plaintiff was not injured as a result of tripping over, or even slipping on, "accumulat[ed]" debris, dirt, tools or materials. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.