■ GIULIO LUPO, Appellant, v PRO FOODS, LLC, et al., Respondents. (And a Third-Party Action.) [891 NYS2d 372]—

Plaintiff, a laborer employed by a subcontractor at a construction project, was injured when, in the course of carrying out a directive to retrieve a lighting fixture, he walked across a freshly poured concrete surface, covered with a polyplastic sheeting, and past the edge thereof, falling into an inclined opening or ramp that had been at least partially concealed by the sheeting. The motion court dismissed plaintiff's claim pursuant to Labor Law § 240 (1) on the ground that he had not been working at an elevated height. Indeed, it is clear that plaintiff's fall occurred at a place where he had not been working and where he did not need to be in order to perform his assigned task of collecting the lighting fixture since he has conceded that he could have accessed the stairs other than by walking over the newly poured concrete surface. Moreover, he acknowledged that he had been aware of the presence of the hole/ramp since he began work at the site. Under these circumstances, he was not injured because of defendants' failure to protect him against an elevation-related hazard as contemplated by Labor Law § 240 (1) (*see Romeo v Property Owner [USA] LLC*, 61 AD3d 491 [2009]; *Geonie v OD & P NY Ltd.*, 50 AD3d 444, 445 [2008]).

Plaintiff's cause of action under Labor Law § 241 (6) was properly dismissed. The regulation relied upon by plaintiff, Industrial Code (12 NYCRR) § 23-1.7 (b), which applies to hazardous openings of significant depth and size (*see Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]) was inapplicable. Plaintiff failed to establish that the ramp constitutes a hazardous opening (*see Smith v McClier Corp.*, 38 AD3d 322, 323 [2007]).

Finally, it is noted that the motion court appropriately declined to permit plaintiff to amend his bill of particulars after the filing of a note of issue (*see* CPLR 3042 [b]) and in the absence of a valid reason for the delay in proposing the amendment (*see Brunetti v Musallam*, 59 AD3d 220, 223 [2009]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.