(Ben R. Barbato, J.),
Order, Supreme Court, Bronx County entered March 1, 2012, which, insofar as appealed from, denied defendant Dial 7 Car and Limousine Service, Inc.’s (Dial 7) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered on or about May 15, 2012, which denied Dial 7’s motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order. The Clerk is directed to enter judgment accordingly.
Supreme Court should have granted Dial 7’s motion to dismiss because it established that it could not be held liable for defend *425 ant Shajahan Ali’s conduct, as he was an independent contractor and not Dial 7’s employee. Dial 7 submitted a host of evidence showing that it did not control the method or means by which Ali’s work was to be performed (see Matter of O’Brien v Spitzer, 7 NY3d 239, 242 [2006]; Anikushina v Moodie, 58 AD3d 501, 504 [1st Dept 2009], lv dismissed 12 NY3d 905 [2009]). The undisputed evidence showed that Dial 7’s drivers own their own vehicles, were responsible for the maintenance thereof, paid for the insurance, and had unfettered discretion to determine the days and times they worked, with no minimum or maximum number of hours or days imposed by Dial 7. Dial 7 does not require its drivers to wear a uniform nor does it have a dress code, and its drivers are free to accept or reject any dispatch as they like, can take breaks or end their shifts whenever they want, and are even permitted to work for other livery base stations. Dial 7’s drivers kept a fixed percentage of all fares and 100% of all tips, and Dial 7 did not withhold taxes and issued 1099 forms, not W-2 forms, to its drivers (see Barak v Chen, 87 AD3d 955 [2d Dept 2011]; Abouzeid v Grgas, 295 AD2d 376, 377-378 [2d Dept 2002]).
While there was evidence that Dial 7 would inspect Ali’s vehicle on a weekly basis, and that it could accept credit card payments via telephone, this is insufficient to raise an issue of fact and is indicative of mere incidental or “general supervisory control” that does not rise to the level of an employer-employee relationship (Bizjak v Gramercy Capital Corp., 95 AD3d 469, 470 [1st Dept 2012]; see Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; Holcomb v TWR Express, Inc., 11 AD3d 513, 514 [2d Dept 2004]).
We dismiss the appeal from the May 15, 2012 order since no appeal lies from the denial of reargument, and the appeal is otherwise academic in light of our reversal of the prior order.
Concur—Friedman, J.E, Sweeny, Renwick, Richter and Román, JJ.