■ JOHN FRANCESCON, Appellant-Respondent, v GUCCI AMER-
ICA, INC., et al., Respondents-Appellants. (And a Third-Party Ac-
tion.) GUCCI AMERICA, INC., et al., Second Third-Party Plaintiffs-
Respondents-Appellants, v FLOORING SOLUTIONS, INC., Second
Third-Party Defendant-Respondent-Appellant/Fourth Third-
Party Plaintiff-Respondent-Appellant. CONSOLIDATED CARPET
TRADE WORKROOM, INC., et al., Fourth Third-Party Defendants-
Respondents. [964 NYS2d 8]—

Order, Supreme Court, New York County (Michael D. Stall-
man, J.), entered July 17, 2012, which granted the branch of the
motions of fourth-party defendants (Consolidated) and second
third-party defendant (Flooring), and the cross motion of
defendants, that sought dismissal of plaintiff's Labor Law § 241
(6) claims based on alleged violations of 12 NYCRR 23-1.7 (b)
(1) (i) and (ii) and (f), and denied that branch of the motions
and cross motion that sought dismissal of plaintiff's Labor Law
§ 241 (6) claim predicated on alleged violations of 12 NYCRR
23-1.7 (d), unanimously modified, on the law, to grant the mo-
tion and cross motions to the extent of dismissing the Labor
Law § 241 (6) claim insofar as predicated on an alleged violation
of 12 NYCRR 23-1.7 (d), and otherwise affirmed, without costs.

In a prior order, entered January 22, 2009, the motion court
granted the plaintiff's motion for leave to amend his bill of
particulars to alleged new Industrial Code violations. Further,
the court denied the branches of the summary judgment mo-
tions of defendants Flooring and Consolidated that sought dis-
missal of plaintiff's Labor Law § 241 (6) claims based on viola-
tions of 12 NYCRR 23-1.7 and 12 NYCRR 23-2.7, with leave to
renew after completion of discovery. This Court, on a prior ap-
peal, affirmed those aspects of the motion court's order, and
noted that liability under Labor Law § 241 (6), predicated on
the newly-alleged Industrial Code provisions, "has yet to be
determined" (*see Francescon v Gucci Am., Inc.*, 71 AD3d 528,
529 [1st Dept 2010]). Accordingly, this Court's earlier determi-
nation does not preclude review of the subsequent motions for
summary judgment (*see James v R & G Hacking Corp.*, 39 AD3d
385, 386 [1st Dept 2007], *lv denied* 9 NY3d 814 [2007]). Fur-
ther, the renewed motions for summary judgment were based
on "new facts" (CPLR 2221 [e] [2])—namely, plaintiff's deposi-
tion testimony, which was given after the motion court's prior
order.

Industrial Code (12 NYCRR) § 23-1.7 (b) (1) is inapplicable. The record indicates that plaintiff was injured after he stepped off the edge of the work area to the subfloor 12 to 15 inches below, which is not considered a "hazardous opening" within the meaning of 12 NYCRR 23-1.7 (b) (*see Lupo v Pro Foods, LLC*, 68 AD3d 607, 608 [1st Dept 2009]; *Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040 [2d Dept 2010], *lv dismissed* 15 NY3d 862 [2010]).

12 NYCRR 23-1.7 (f) is also inapplicable. There is no basis in the record for any claim that the "[s]tairways, ramps or runways" identified in section 23-1.7 (f) were required, given plaintiff's testimony that the subfloor was only approximately 12 to 15 inches below the first floor from which he fell (*see Torkel v NYU Hosps. Ctr.*, 63 AD3d 587, 601-602 [1st Dept 2009, Andrias, J., concurring in part and dissenting in part]).

Finally, even if plaintiff's corrections to his deposition testimony would otherwise raise a credibility issue, the record establishes that plaintiff's accident was not connected to any slippery condition within the purview of 12 NYCRR 23-1.7 (d). Concur—Gonzalez, P.J., Friedman, Abdus-Salaam, Román and Clark, JJ.