■ ELVIS BISRAM, Respondent, v LONG ISLAND JEWISH HOSPITAL et al., Appellants. [983 NYS2d 518]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered September 11, 2013, which granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim, and denied as moot defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants' motion as to the Labor Law § 200 and common-law negligence claims and the Labor Law § 241 (6) claim predicated upon violations of Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (i) and (iii), and otherwise affirmed, without costs.

Plaintiff established his entitlement to summary judgment as

to liability on his Labor Law § 240 (1) claim by testifying that when he stepped onto the metal decking he had just laid in place but not yet fastened, the beam beneath it shifted, causing him to fall from the first-floor level of the building to the cellar level. Plaintiff testified that he was wearing a harness that was tied into a retractor at the time of his fall. However, these safety devices proved inadequate to protect him against injury resulting from falling off the beam (see *Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561 [1st Dept 2008]). Defendants' argument that plaintiff was the sole proximate cause of his accident because he failed to tie his harness into the retractor line is not supported by the evidence. In addition to plaintiff's own testimony that he was tied off before he fell, defendants' construction supervisor observed that plaintiff was tied off 15 minutes before the accident, and plaintiff's employer's vice president observed that plaintiff was tied off 10 minutes before the accident.

In any event, defendants' failure to secure the steel beam was a proximate cause of the accident. Contrary to defendants' argument, the metal deck flooring and beam on which plaintiff was standing to perform his job duties functioned as an elevated platform (see *Berrios v 735 Ave. of the Ams., LLC*, 82 AD3d 552 [1st Dept 2011]). Its collapse evinces a violation of Labor Law § 240 (1) (see *Becerra v City of New York*, 261 AD2d 188 [1st Dept 1999]).

Plaintiff's Labor Law § 200 and common-law negligence claims should be dismissed since the dangerous condition that caused plaintiff's accident arose from the means and methods of his work (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Plaintiff established that the general contractor may have coordinated the subcontractors at the work site or told them where to work on a given day, and had the authority to review onsite safety, but those responsibilities do not rise to the level of supervision or control necessary to hold the general contractor liable for plaintiff's injuries under Labor Law § 200 (see *Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]; *De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190 [1st Dept 2003]).

Since plaintiff was provided with certain safety devices addressed in 12 NYCRR 23-1.16 (f) (1), and the devices failed to protect him from injury, his Labor Law § 241 (6) claim predicated on a violation of that Code provision should be sustained.

However, the Labor Law § 241 (6) claim predicated on a violation of 12 NYCRR 23-1.7 (b) (1) (i) and (iii) should be dismissed since the area through which plaintiff fell—between the beams—when the beam beneath the metal decking on which he

was standing shifted did not constitute a hazardous opening within the meaning of 12 NYCRR 23-1.7 (b) (1) (i) (*see Lupo v Pro Foods, LLC*, 68 AD3d 607, 608 [1st Dept 2009]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Feinman and Kapnick, JJ.