■ ZENG JI LIU et al., Respondents, v DJIBRIL BATHILY et al., Defendants, and ALL TAXI MANAGEMENT, INC., Appellant. [43 NYS3d 335]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 3, 2016, which, to the extent appealed from, in this action for personal injuries sustained by plaintiff when he was struck by a vehicle operated by defendant Djibril Bathily, denied the motion of defendant All Taxi Management, Inc. (All Taxi) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

All Taxi's management of the taxicab medallion, without more, is insufficient to raise triable issues of fact regarding an employment relationship with Bathily. The record shows, inter alia, that All Taxi leased the medallion to Bathily and that the lease agreement expressly disclaims the existence an employer-

employee relationship. Moreover, Bathily was not guaranteed compensation, worked without a fixed schedule, and was free from All Taxi's direction and control (*see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *Piaseczny v Bartolo*, 271 AD2d 267 [1st Dept 2000]). All Taxi's background check of Bathily, its weekly inspections of the vehicle, and acceptance of credit card payments on Bathily's behalf are all "indicative of mere incidental or general supervisory control that does not rise to the level of an employer-employee relationship" (*Chaouni v Ali*, 105 AD3d 424, 425 [1st Dept 2013] [internal quotation marks omitted]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.