Maor v One Fifty Fifty Seven Corp. (2019 NY Slip Op 01140)





Maor v One Fifty Fifty Seven Corp.


2019 NY Slip Op 01140


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


158840/14 8392 8391

[*1]Marshall Maor, et al., Plaintiffs-Respondents,
v
One Fifty Fifty Seven Corp. doing business as Russian Tea Room, et al., Defendants-Appellants.


Jackson Lewis, P.C., New York (John J. Porta of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna Lusher of counsel), for respondents.



Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered April 13, 2018, which, inter alia, denied defendants' motion for summary judgment dismissing plaintiff Marshall Maor's cause of action to recover withheld gratuities under Labor Law § 196-d, and granted plaintiff Maor's motion to certify a class and to amend the complaint to add Gina Garcia as an additional named plaintiff, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the Labor Law § 196-d claim as against defendant RTR Funding Group, Inc. (RTR Funding), to limit the class members to similarly situated workers who were assigned by nonparty Ambitious Staffing f/k/a Ambitious Six (Ambitious) to provide catering services for events organized and run by defendant One Fifty Fifty Seven Corp d/b/a the Russian Tea Room (One Fifty Fifty Seven) between 2008 and December 31, 2010, and otherwise affirmed, without costs.
Between 2008 and 2010, Maor and Garcia worked as catering staff for specific events at the Russian Tea Room under the direct supervision of Russian Tea Room managers. Although they were assigned to work the events by Ambitious, a third-party staffing agency, triable issues of fact exist as to the degree of control that One Fifty Fifty Seven and its principal, Gerald Lieblich, exercised "over the results produced or the means used to achieve the results" (Bynog v Cipriani Group, 1 NY3d 193, 199 [2003]; see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 598 [2d Dept 2011]). The record contains evidence tending to show more than incidental control (cf. Matter of Yoga Vida, Inc. [Commissioner of Labor], 28 NY3d 1013 [2016]; Zeng Ji Liu v Bathily, 145 AD3d 558, 559 [1st Dept 2016]). However, nothing in the record supports the contention that RTR Funding, a separate corporate entity, was involved in the catered events at issue.
Maor's motion for class certification was properly granted, but only to the extent that the class is limited to the period during which he and additional plaintiff Garcia worked at catered events at the Russian Tea Room staffed by Ambitious from 2008 through 2010. As to such a class, plaintiffs meet the requirements of CPLR 901(a) and demonstrate that a class action is more desirable and feasible than requiring individual members to prosecute separate actions (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010]). The record shows that Maor is familiar with the action and has no conflict of interest with other class members, who may opt out (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399-400 [2014]; Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 24 [1st Dept 1991]). However, questions of law and fact differ for the time period after Maor and Garcia worked at Russian Tea Room events, because the Department of Labor's Hospitality Wage Order came into effect on January 1, 2011 (12 NYCRR 146-2.18[b] [creating "rebuttable presumption that any charge in addition to . . . specified materials or services . . . is a charge purported to be a gratuity"]; compare Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008]; Maldonado v BTB Events & Celebrations, Inc., 990 F [*2]Supp 2d 382, 392-395 [SD NY 2013]). Accordingly, the class is narrowed to include members whose claims are governed by the standard applicable before that date.
Maor's motion, to the extent that it sought to amend the complaint to add Garcia as a plaintiff, was properly granted (CPLR 3025[b]). Defendants "cannot demonstrate prejudice resulting directly from [any] delay" in moving to add Garcia, who was identified as a putative plaintiff and deposed by defendants (Hunt v Godesky, 189 AD3d 854, 854 [2d Dept 1993]; see Sidor v Zuhoski, 257 AD2d 564 [2d Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK