Berg v Chelsea Hotel Owner, LLC (2022 NY Slip Op 01511)





Berg v Chelsea Hotel Owner, LLC


2022 NY Slip Op 01511


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 654748/20 Appeal No. 15491-15491A Case No. 2021-01111 2021-03727 

[*1]Susan Berg et al., Plaintiffs-Appellants,
v
Chelsea Hotel Owner, LLC, et al., Defendants-Respondents. 


Leon I. Behar, P.C., New York (Mitchell P. Heaney of counsel), for appellants.
Kasowitz Benson Torres, LLP, New York (Jennifer S. Recine of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 17, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiffs' claims for statutory harassment, private nuisance based on conditions arising after January 22, 2019, and assault, unanimously reversed, on the law, with costs, and the motion denied. Order, same court and Justice, entered on or about October 8, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the claim in the amended complaint for breach of the warranty of habitability based on conditions arising after January 22, 2019, unanimously reversed, on the law, with costs, and the motion denied.
The allegations in the amended complaint are sufficiently specific to state a cause of action for breach of the warranty of habitability (Jobe v Chelsea Hotel Owner LLC, 198 AD3d 440 [1st Dept 2021]). Plaintiffs alleged, among other things, that for the specific periods set forth in the amended complaint, there were repeated interruptions of essential services such as heat, hot water, gas, and electricity, as well as disruptions in elevator service, phone, television, and internet service; large amounts of construction dust, including lead dust, in the public hallways; flooding and mold on the tenth floor; rat and vermin infestations; a lack of building security in the lobby and a lack of a fire safety system. These conditions, if established, are not mere annoyances but affect the "health, safety or welfare" of the residents of the building (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 328 [1979] cert denied 444 US 992 [1979]). Accordingly, the cause of action is reinstated for the conditions alleged to have occurred after January 22, 2019, as plaintiffs do not dispute that the claims arising before that date are barred by res judicata.
As we recently determined in Jobe v Chelsea Hotel Owner LLC (198 AD3d 440), here, too, the allegations supporting the cause of action for violation of the warranty of habitability also state a claim for private nuisance, and therefore that claim should be reinstated for conditions arising after January 22, 2019 (id.; see also 61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 334 [1st Dept 2010], mod on other grounds 16 NY3d 822 [2011]). In addition, if defendants' acts or inaction are shown to be intentional and malicious, the allegations could support an award of punitive damages for these claims (Jobe, 198 AD3d at 440,citing Minjak Co. v Randolph, 140 AD2d 245, 249-250 [1st Dep 1988]).
The complaint states a cause of action for harassment under Administrative Code of City of NY §§ 27—2005(d) and 27—2115(m), as Supreme Court is "a court of competent jurisdiction" for the purposes of Administrative Code § 27—2115(m)(2) (Jobe v Chelsea Hotel Owner LLC, 198 AD3d at 440). Contrary to the motion court's determination, the statute expressly provides that only claims arising [*2]from conditions in the building, that is, under subparagraphs b, c, and g of Administrative Code § 27-2004(a)(48)(ii), require the existence of a predicate violation to state a claim for harassment. Here, plaintiffs assert their first cause of action under Administrative Code § 27-2004(a)(48)(ii)(a), based on allegations that defendant Chelsea Hotel Owner, LLC's principal, defendant Ira Drukier, was "making express or implied threats that force will be used" against plaintiffs, and therefore no predicate violation was required for this cause of action.
In support of this claim, plaintiffs allege in relevant part that Drukier came up "immediately behind" plaintiff Susan Berg, yelled at her, then "encroached further upon her," screamed an expletive at her, and "spewed his spittle into her face," and that the conduct "so threatened use of force" that a building employee stepped between plaintiff and defendant and said loudly, "Just stop." Viewing these allegations in the light most favorable to plaintiffs, it may be inferred from the building employee's actions that he viewed a threat of physical force against plaintiff to be imminent. Although defendants further dispute that this alleged conduct reflects an intention to induce plaintiffs to vacate their apartment, under Administrative Code § 27-2004(a)(48)(ii), "there shall be a rebuttable presumption that such acts or omissions were intended to cause such person to vacate such dwelling unit."
On the third cause of action, for harassment arising from deprivation of services, plaintiffs state a claim under the statute by asserting that the alleged conditions were the subject of violations that, if established, would support a claim for harassment (see Robinson v Day, 103 AD3d 584, 587 [1st Dept 2013] ["A complaint need only 'allege the misconduct complained of in sufficient detail to inform the defendants of the substance of the claims'"]). Evidence of the specific violations issued in connection with the alleged
conditions may be obtained in discovery as contemplated by the statute (see Administrative Code § 27-2115[h][2][ii]).
We also reinstate plaintiff Susan Berg's claim for assault and the related request for punitive damages based on the above-described conduct. While "finger pointing and generalized yelling . . . is not the type of menacing conduct that may give rise to a reasonable apprehension of imminent harmful conduct needed to state an actionable claim of assault" (Okoli v Paul Hastings LLP, 117 AD3d 539, 540 [1st Dept 2014]), the complaint alleges that defendant Drukier "encroached further upon her" while screaming an epithet. These allegations describe the menacing physical act required to support the element of an apprehension of imminent harm of an assault claim (Gould v Rempel, 99 AD3d 759, 760 [2d Dept 2012]). Plaintiffs' allegations regarding their earlier interactions with defendant are sufficient to permit the request for punitive damages to proceed (Hotaling v Carter, [*3]137 AD3d 1661, 1663 [4th Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022