Coker v Perez (2022 NY Slip Op 07028)

Coker v Perez

2022 NY Slip Op 07028

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Ind. No. 23881/20E Appeal No. 16871 Case No. 2021-03783 

[*1]Enid Coker, Plaintiff-Respondent,
v
Yennifer Perez, et al., Defendants, Montefiore HMO, LLC, Defendant-Appellant, Fidel Suarez De La Cruz, Nonparty Defendant.

Cobert Haber & Haber LLP, Garden City (David C. Haber of counsel), for appellant.
Law Offices of Jessica Schwartz, Lawrence (Jessica Schwartz of counsel), for respondent.

Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered on or about June 2, 2021, which, to the extent appealed from, denied defendants Montefiore HMO, LLC, Montefiore Health Systems, Inc., and LogistiCare Solutions, LLC's motion for summary judgment dismissing the complaint as against Montefiore HMO, unanimously reversed, on the law, without costs, and the motion granted as to Montefiore HMO. The Clerk is directed to enter judgment accordingly.
Plaintiff alleged that she fell and sustained injuries while entering a non-emergency medical transportation vehicle. At the time, plaintiff was enrolled in Montefiore HMO's Diamond Care Managed Long Term Care health plan, which entitled her to transportation to and from medical appointments. Montefiore HMO contracted with LogistiCare to perform administrative and operational functions related to the provision of transportation services. LogistiCare referred plaintiff's transportation request to defendant Abiel Taxi, Transportation Logistics Corp., and defendant Yennifer Perez operated the vehicle which picked up plaintiff on behalf of Abiel.
The court should have granted Montefiore HMO summary judgment dismissing the complaint as against it. On its motion, Montefiore HMO made a prima facie showing that it did not arrange for plaintiff's transportation. Even if Montefiore HMO could be considered to have dispatched the vehicle, it lacked any involvement in or supervisory control over Perez's transportation of plaintiff so as to render it liable for Perez's alleged negligence (see Zeng Ji Liu v Bathily, 145 AD3d 558, 559 [1st Dept 2016]; Chaouni v Ali, 105 AD3d 424, 425 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. Even if further discovery would support plaintiff's allegations that Montefiore HMO was negligent in its ongoing evaluation, credentialing, and review and risk assessment of transportation providers, those allegations would not have been sufficient to establish supervisory control over defendant Perez (see Chaouni v Ali, 105 AD3d at 425). While plaintiff submitted articles that provided a basis for liability against LogistiCare, plaintiff did not demonstrate a ground for holding Montefiore HMO liable for LogistiCare's alleged negligent practices.
Because no further discovery requested by plaintiff would assist her in opposing the motion (see CPLR 3212[f]), the motion was not premature.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022