**Eidelberg v G4S Secure Solutions (USA) Inc.**

2024 NY Slip Op 32351(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No.: 153273/2018

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. LOUIS L. NOCK** | PART | 38M |
|---|---|---|---|
| | *Justice* | | |

---------------------------------------------------------------------X

MARC EIDELBERG,

                          Plaintiff,

                - v -

G4S SECURE SOLUTIONS (USA) INC., FRANK
QUINONES, SHAWN HURLEY, NYACK HOSPITAL,
NYACK EMERGENCY MEDICAL ASSOCIATION, PLLC,
and BRENDA LIU,

                          Defendants.

---------------------------------------------------------------------X

| INDEX NO. | 153273/2018 |
|---|---|
| MOTION DATE | 01/12/2023, 01/13/2023, 01/13/2023 |
| MOTION SEQ. NO. | 003 004 005 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 105-124, 174-179, 182-188, 192 (Motion 004) 143-162, 166-173, 177, 180, 186, 189-191, 193 (Motion 005) 125-142, 163-165, 175, 181, and 194

were read on this motion for                   SUMMARY JUDGMENT          .

LOUIS L. NOCK, J.S.C.

In this personal injury action, plaintiff alleges that he was assaulted by defendants Frank

Quinones and Shawn Hurley while attempting to leave the emergency department at defendant

Montefiore Nyack Hospital, improperly sued herein as Nyack Hospital (the "Hospital").

Pending before the court are the motions for summary judgment of: (i) defendants G4S Secure

Solutions (USA) Inc. ("G4S"), Quinones, and Hurley (collectively, the "security defendants")

(Motion Seq. No. 003); (ii) defendant Hospital (Mot. Seq. No. 004); and (iii) defendants Nyack

Emergency Medical Association ("NEMA") and (Dr.) Brenda Liu (Mot. Seq. No. 005). The

motions are consolidated for disposition.

No party opposed the motion by defendants NEMA and Dr. Liu, and at oral argument on

the motions plaintiff's counsel represented that plaintiff did not "oppose or object to the motion"

(transcript of proceedings, NYSCEF Doc. No. 193 at 6). Counsel for the security defendants

**153273/2018  EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No.  003 004 005**

**Page 1 of 11**

also represented same (*id*. at 7). While counsel for the Hospital did not make such a representation, the Hospital did not file any opposition to the motion. Accordingly, the court grants the motion without opposition, and dismisses the complaint and all cross-claims made by or against defendants NEMA and Dr. Brenda Liu.

**Background**

On January 1, 2012, G4S and the Hospital entered into a contract whereby G4S agreed to provide security services to the Hospital (services contract, NYSCEF Doc. No. 168).[1] G4S' employees were under G4S' sole control, except where the Hospital directed them to act contrary to or refrain from performing duties set forth in the agreement (*id.*, ¶ 5). Both parties agreed to indemnify each other from "liability loss, damage and expenses (including reasonable attorneys' fees) resulting from or arising out of this Contract to the extent [same] is proximately caused by the negligent or willful act(s) or omission(s) by the party from whom indemnity is sought, including such party's agents, employees or subcontractors" (*id.*, ¶ 7). Quinones and Hurley were employees of G4S and were working at the Hospital at the time of the incident. The Hospital is located at 160 N Midland Avenue, Nyack, New York.

Plaintiff was brought to the Hospital on December 10, 2017, after his wife contacted the Orangetown Police Department in fear of plaintiff harming himself; plaintiff admitted himself to the Hospital voluntarily (Eidelberg EBT tr, NYSCEF Doc. No. 119 at 35-36, 45-48). At a later point, plaintiff attempted to leave the emergency room (Hurley EBT tr, NYSCEF Doc. No. 121 at 53). Quinones testified that security personnel attempted to convince plaintiff to remain in the Hospital, at which point plaintiff allegedly lunged at Quinones as if to strike him (*id.* at 66; Liu

---

[1] The contract refers to a "Schedule A" for a description of the scope of services to be provided by G4S (*see*, NYSCEF Doc. No. 168 § 1); but no Schedule A is found in the record. Upon the court's inquiry of counsel regarding this anomaly, both the Hospital and the security defendants represented by email to the court that the referenced "Schedule A" was, in fact, not in effect at the time of the incident.

**153273/2018  EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**          **Page 2 of 11**
  **Motion No.  003 004 005**

2 of 11

[* 2]

EBT tr, NYSCEF Doc. No. 122 at 24; Quinones EBT tr, NYSCEF Doc. No. 123 at 34). Plaintiff then left the Hospital and began walking towards Midland Avenue, during which time he is alleged to have injured himself by either jumping from a two or two-and-a-half foot ledge leading from the parking lot to the grass next to it (Hurley EBT tr at 78) or tripped over a six-inch high curb outside of the Hospital while "backpedaling" (Quinones EBT tr at 43). He was later diagnosed with a ruptured Achilles tendon (Eidelberg EBT tr, NYSCEF Doc. No. 119 at 95).

Plaintiff provides a different version of events. He states that he was told he was free to leave and denies that he attempted to strike Quinones (*id.* at 57-58, NYSCEF Doc. No. 120 at 153-154). Plaintiff claims that Hurley pushed him out the door of the Hospital (NYSCEF Doc. No. 119 at 67). Afterwards, he attempted to walk to a nearby friend's house, when he was set upon by Hurley, Quinones, and other unidentified security personnel (*id.* at 72-77; NYSCEF Doc. No. 154-155, 157-158). During the alleged altercation, he felt something strike his left lower leg, followed by a pop in the back of his left lower leg, and his leg buckled (NYSCEF Doc. No. 119 at 83-84). He broke free of his alleged assailants, flagged down a nearby police officer, and asked the officer to arrest the security personnel, which the officer stated he could not do (*id.* at 77-80). Plaintiff returned to the Hospital in the company of Orangetown police officers, where he was medicated and restrained and an incident report was generated (incident report, NYSCEF Doc. No. 117).

Security footage from inside the Hospital shows that plaintiff was pushed out of the exit doors of the Hospital at approximately 9:26 PM (Security Footage, NYSCEF Doc. No. 118). The exterior camera then shows plaintiff and what appear to be three or more security personnel walking out of the right side of the frame (*id.*). At approximately 9:29 PM, the security

**153273/2018   EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No.  003 004 005**

**Page 3 of 11**

3 of 11

[* 3]

personnel return to the emergency room without plaintiff (*id.*). Finally, at approximately 9:32 PM, plaintiff, visibly limping, returns to the emergency room accompanied by Orangetown police officers (*id.*). Whatever happened to cause plaintiff's injury occurred off-camera. In addition, given the angle of the camera and its placement relative to the doors to the emergency room, it is difficult to tell whether or not plaintiff attempted to strike anyone before he was pushed out of the doors.

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**153273/2018 EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)** **Page 4 of 11**
Motion No. 003 004 005

4 of 11

**Discussion**

*The Security Defendants' Motion (Mot. Seq. No. 003)*

Plaintiff alleges two causes of action against the security defendants: assault and battery (first cause of action) and negligence (second cause of action). The cause of action for negligence against G4S sounds in negligent hiring, training, supervision, and retention. The third cause of action seeks punitive damages. Turning to the first cause of action, "[t]o plead a cause of action to recover damages for assault, a plaintiff must allege intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact" (*Gould v Rempel*, 99 AD3d 759, 760 [2d Dept 2012] [internal quotation marks and citations omitted]). "To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent" (*Kuznitz v Funk*, 187 AD3d 1006, 1006 [2d Dept 2020]).

The primary thrust of the security defendants' motion is that plaintiff's version of events is so inherently incredible as to not be believable. Even if the court could credit plaintiff's testimony, the security defendants argue that Quinones and Hurley were acting in self-defense, as plaintiff initiated the confrontation. The court, when reviewing a motion for summary judgment, is not empowered to make credibility determinations or weigh evidence (*Art Capital Group, LLC v Rose*, 149 AD3d 447, 448 [1st Dept 2017]). *Carthen v Sherman* (169 AD3d 416, 417 [1st Dept 2019]), cited by the security defendants, is not to the contrary, as there, physical evidence contradicted plaintiff's version of how the relevant accident took place, and plaintiff's own testimony was inconsistent. Here, the relevant facts took place out of sight of the cameras, there is no physical evidence to corroborate either version of how plaintiff injured his leg, and Quinones and Hurley proffer different versions of how plaintiff allegedly injured himself. The

**153273/2018 EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No. 003 004 005**

**Page 5 of 11**

5 of 11

court is not empowered to resolve the credibility dispute or weigh the testimony to resolve the matter. Moreover, the many issues of fact involved in the competing versions of events preclude any finding of self-defense at this juncture. Because the court denies summary judgment dismissing the cause of action for assault and battery against Quinones and Hurley, they are not entitled to dismissal of the claim for punitive damages (*Berg v Chelsea Hotel Owner, LLC*, 203 AD3d 484 [1st Dept 2022] [Plaintiffs' allegations regarding their earlier interactions with defendant are sufficient to permit the request for punitive damages to proceed]).

G4S, however cannot be liable. To hold an employer vicariously liable for the tortious conduct of its employees, a plaintiff must prove that the employees were acting within the scope of their employment, and that the employee's conduct could reasonably be expected by the employer (*Yildiz v PJ Food Serv., Inc.*, 82 AD3d 971, 972 [2d Dept 2011]). Further, an employer will not be liable where its employees are acting in self-defense (*Gregory v National Amusements, Inc.*, 179 AD3d 468, 469 [1st Dept 2020]). Here, if the security defendants are correct, Quinones and Hurley were acting in self-defense after plaintiff attempted to strike Quinones, and thus G4S would not be liable. Even if they were not acting in self-defense, if plaintiff injured himself through his own actions, respondent superior would not apply. Conversely, if plaintiff is correct and he was unjustly set upon by security personnel, he fails to dispute that G4S had no reasonable expectation that Quinones or Hurley would assault a patient. As the unrebutted record demonstrates, Hurley had no criminal or disciplinary history, and was sufficiently trained in the conduct of his duties (Hurley EBT tr, NYSCEF Doc. No. 121 at 8, 11-13, 16, 122, 129-130). Nor does the record contain any evidence that G4S should have been aware of any violent propensity on Quinones' part. The court notes that plaintiff largely fails to address this specific argument.

**153273/2018 EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)** **Page 6 of 11**
Motion No. 003 004 005

6 of 11

[* 6]

Turning to the claim for negligence, plaintiff must prove "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Pasternack v Laboratory Corp. of America Holdings*, 27 NY3d 817, 825 [2016]). As to Hurley and Quinones, they do not dispute the potential existence of a duty to refrain from causing plaintiff injury. The many issues of fact set forth above preclude summary disposition as to whether they breached such a duty, causing plaintiff's leg injury. As for G4S, respondeat superior is unavailable to plaintiff for the same reasons as previously stated. To the extent that plaintiff alleges negligent hiring, training, retention, or supervision, absent from the record is a necessary element of such a claim, namely, that G4S knew that its employees "had any violent propensities or that anything happened to alert them that an assault might take place" (*Fambro v City of New York*, 205 AD3d 608, 609 [1st Dept 2022]). Plaintiff fails to raise a triable issue of fact to the contrary (*Kershaw*, *supra*). Under either theory, then, G4S is entitled to dismissal of the second cause of action for negligence. Because the court dismisses both of the tort causes of action against G4S, the punitive damages claim against it must also fail (*All-Boro A.C. Corp. v Wales & Ward, Inc.*, 92 AD2d 486, 487 [1st Dept 1983] [New York law does not recognize "a separate cause of action for punitive damages"]).

*The Hospital's Motion (Mot. Seq. No. 004)*

There is no question in the record that Quinones and Hurley were employees of G4S rather than the Hospital. "Generally, a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Brothers v New York State Elec. and Gas Corp.*, 11 NY3d 251, 257 [2008] [internal quotation marks and citation omitted]). In order to hold the Hospital liable for their actions, plaintiff must establish that one of several exceptions applies, specifically,

**153273/2018   EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
Motion No.  003 004 005

**Page 7 of 11**

[* 7]

> [W]here the employer (1) is under a statutory duty to perform or control the work, (2) has assumed a specific duty by contract, (3) is under a duty to keep premises safe, or (4) has assigned work to an independent contractor which the employer knows or has reason to know involves special dangers inherent in the work or dangers which should have been anticipated by the employer.

(*Rosenberg v Equitable Life Assur. Soc. of U.S.*, 79 NY2d 663, 668 [1992].) An employer may also not insulate itself where it is negligent "in selecting, instructing, or supervising the contractor" (*Brothers*, 11 NY3d at 258).

Here, the services contract specifically provides that G4S' employees were under G4S' "sole control and direction" (service contract, NYSCEF Doc. No. 168, ¶ 5). Accordingly, the Hospital lacked the necessary control over "the method or means by which [Quinones and Hurley's] work was to be performed" (*Chaouni v Ali*, 105 AD3d 424, 425 [1st Dept 2013]). Plaintiff argues that the Hospital gave security personnel their duty assignments and provided crisis management training (Hurley EBT tr, NYSCEF Doc. No. 121 at 11-12, 15, 24-25). Further, Hurley testified that a nurse directed him not to let plaintiff leave the Hospital (*id.* at 125-126). Quinones also testified that his immediate supervisor was employed by the Hospital (Quinones EBT tr., NYSCEF Doc. No. 123 at 9-10, 56-57). This testimony amounts to "incidental or general supervisory control," which is insufficient to hold the Hospital liable (*Chaouni*, 105 AD3d at 425). Plaintiff's argument that the services contract required security personnel to be employed by the Hospital is completely unsupported by the text of the agreement. Finally, plaintiff argues that the Hospital was under a nondelegable duty to keep its premises safe, but such a duty does not extend to spontaneous incidents the Hospital has no opportunity to prevent or control (*Afanador v Coney Bath, LLC*, 91 AD3d 683 [2d Dept 2012]). As established by the security footage, the entire incident herein took place over the course of

**153273/2018   EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No.  003 004 005**

**Page 8 of 11**

8 of 11

approximately six minutes, at most. Plaintiff does not raise any of the remaining exceptions to the general rule exempting the hospital from liability in his opposition.

*Cross-Claims*

Both the security defendants and the Hospital seek summary judgment dismissing each other's cross-claims. The Hospital also seeks summary judgment on its cross-claims for contractual and common-law indemnification, and failure to procure insurance. As an initial matter, the only party who has an indemnification agreement with the Hospital is G4S, and the Hospital does not appear to oppose dismissal of its cross-claims against Quinones and Hurley. The security defendants also do not appear to oppose the dismissal of their cross-claims against the Hospital. As to the Hospital's claims against G4S, the court has dismissed the complaint against the Hospital, obviating any claim for common law indemnification. The services contract provides that G4S will indemnify the Hospital for the "willful act(s) or omission(s)" of G4S' employees, including for the Hospital's reasonable attorneys' fees (services contract, NYSCEF Doc. No. 191, ¶ 7). This action unquestionably falls within the terms of the services contract. G4S asserts that the Hospital may be negligent based on its nondelegable duty to safely maintain the premises, but as discussed above, such a duty does not extend to spontaneous incidents like the one herein (*Afanador, supra*). The court will hold an inquest on the quantum of the Hospital's reasonable attorneys' fees pursuant to said services contract provision following trial of the main action.

The motions for summary judgement related to the cross-claim for failure to procure insurance, however, are denied. The substance of this cross-claim is that G4S' insurer disclaimed coverage of this action, which the Hospital asserts is due to G4S' failure to procure insurance. The Hospital does not establish, however, that the policy procured by G4S fails to

**153273/2018   EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No.  003 004 005**

**Page 9 of 11**

9 of 11

[* 9]

comply with the service contract's requirements. Indeed, the policy is not attached to either parties' papers. Without the policy, the court cannot award judgment to either side. The denial of coverage does not constitute a breach if the policy otherwise complies with the underlying agreement (*Perez v Morse Diesel Intern., Inc.*, 10 AD3d 497, 498 [1st Dept 2004]).

Accordingly, it is hereby

ORDERED that the motion for summary judgment of defendants G4S Secure Solutions (USA) Inc. ("G4S"), Frank Quinones, and Shawn Hurley (Mot. Seq. No. 003), is granted to the extent of dismissing: (i) the complaint against defendant G4S; (ii) the cross-claims against defendants Quinones and Hurley; and (iii) the cross-claim for common law indemnification against defendant G4S, and is otherwise denied; and it is further

ORDERED that the motion for summary judgment of defendant Montefiore Nyack Hospital, improperly sued herein as Nyack Hospital (the "Hospital") (Mot. Seq. No. 004), is granted to the extent of dismissing: (i) the complaint against the Hospital; and (ii) all cross-claims asserted against the Hospital, and in favor of the Hospital on its cross-claim for contractual indemnification, and is otherwise denied; and it is further

ORDERED that the motion for summary judgment of defendants Nyack Emergency Medical Association ("NEMA") and Dr. Brenda Liu (Mot. Seq. No. 005) is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendants NEMA and Dr. Liu dismissing the complaint and all cross-claims against them, with costs and disbursements to said defendants as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**153273/2018   EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No.  003 004 005**

**Page 10 of 11**

10 of 11

ORDERED that plaintiff's counsel shall efile the email communication regarding the non-applicability of "Schedule A" of the services contract, referenced above (note 1), no later than ten days from the date of filing hereof; and it is further

ORDERED that the remainder of the action is severed and shall continue; and it is further

ORDERED that this matter is respectfully referred to the Clerk of the Trial Assignment Part to be scheduled for trial.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 7/9/2024 | | LOUIS L. NOCK, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153273/2018   EIDELBERG, MARC vs. G4S SECURE SOLUTIONS (USA)**
**Motion No.  003 004 005**

**Page 11 of 11**

11 of 11